UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENNETH JOHNSON and JACQUELYN JOHNSON<br><br>Plaintiffs,<br><br>v.<br><br>GEORGIA DEPARTMENT OF PUBLIC HEALTH,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)  1:24-CV-05140-LMM<br>)<br>)<br>)<br>)<br>) |

**BRIEF IN SUPPORT OF DEFENDANT GEORGIA DEPARTMENT
OF PUBLIC HEALTH'S MOTION TO DISMISS**

Defendant Georgia Department of Public Health (DPH), through counsel, submits this brief in support of its motion to dismiss.

## INTRODUCTION

This case is related to civil action 1:23-cv-04218-LMM.

Plaintiffs Kenneth Johnson and Jacquelyn Johnson initiated this action by complaint filed on November 8, 2024. Doc.1. The complaint asserts claims under 42 U.S.C. §§ 1983, 1985, and 1986 for alleged "negligent failure to protect by the State." *Id.* at 2. Specifically, the complaint alleges that the plaintiffs submitted requests to DPH to "amend the death certificate of their minor son KJ pursuant to the provisions [of Georgia code section] O.C.G.A. § 31-10-23." *Id.* at 3. The complaint further alleges that, "[t]o date, the Defendant has not complied with

-1-

State law to act either by amending the death certificate for KJ or rejecting the Plaintiff's request to amend thus providing the Plaintiff's the opportunity appeal such decision and request for a hearing . . . ." *Id.* at 3-4. The complaint asserts the alleged failure to comply with the Georgia code provision is a "violation of the Plaintiff's Constitutionally protected Fourteenth Amendment rights." *Id.*

As relief, the complaint seeks injunctive relief and money damages.

## ARGUMENT AND CITATION OF AUTHORITY

All claims asserted against DPH in this action are barred by the Eleventh Amendment and the doctrine of sovereign immunity. In addition, the text of sections 1983, 1985, and 1986 bar Plaintiffs' claims.

The Federal Constitution "specifically recognizes the States as sovereign entities," a basic attribute of which is immunity from private suits. *Alden v. Maine*, 527 U.S. 706, 713 (1999). The Eleventh Amendment thus bars suit against a state or one of its agencies, departments, or officials, absent a waiver by the state or a valid congressional override, when the state is the real party in interest or when any monetary recovery would be paid from state funds. *See id.* at 754-57; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-102 (1984). "The general test for determining whether the state is the real party in interest, even though it is not a named defendant, is whether the relief sought against the nominal defendant would in fact operate against the state .

. ." *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1577 (11th Cir. 1994) (citation omitted). Here, the monetary relief that the complaint seeks from DPH would operate against the state, and so those claims are barred by the Eleventh Amendment and sovereign immunity. *See Zatler v. Wainwright*, 802 F.2d 397, 399-400 (11th Cir. 1986).[1]

While the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), provides a limited exception to sovereign immunity for certain suits against individual state officer defendants, it does not apply here. "The Young doctrine permits federal courts to entertain suits against state officers seeking prospective equitable relief to end continuing violations of federal law." *See McClendon v. Ga. Dep't. of Community Health*, 261 F.3d 1252, 1256 (11th Cir. 2001). The doctrine does not permit a claim for injunctive relief to be brought against a state directly. *See Ex Parte Young*, 209 U.S. at 157. And, because the doctrine applies only where prospective injunctive relief is sought, it will not apply here as to any claim for

---

[1] There is no state waiver or congressional override here. The State of Georgia has not consented to being sued under sections 1983, 1985, or 1986 and has preserved its sovereign immunity in the State constitution. *See* Ga. Const. Art. 1, Sec. II, Par. IX(f). And these statutes do not override the protections of the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 342 (1979); *and see Henry v. Harkness*, 2017 U.S. App. LEXIS 12617, \*\*2 (11th Cir. July 14, 2017) ("Congress has not abrogated Eleventh Amendment immunity in 42 U.S.C. §§ 1981, 1983, or 1985 cases …."); *and see also Vasseur v. Valdosta State Univ.*, 2023 U.S. Dist. LEXIS 188405, \*16 (M.D. Ga. Oct. 19, 2023) (Sands, J.) (holding same as to claims under section 1986).

monetary damages because such a claim seeks a remedy for alleged past violations of constitutional rights.

*Second*, the State of Georgia and its offices, agencies, divisions, and departments, including DPH, are not "persons" subject to suit under sections 1983, 1985, and 1986. Section 1983 provides a cause of action for violations of federal constitutional or statutory rights by any "person" acting under color of state law. 42 U.S.C. § 1983. The Supreme Court has ruled that the term "person" in that context is to be given its ordinary meaning, and that "a State is not a 'person' within the meaning of § 1983." *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 65 (1989). Section 1985 likewise provides a cause of action against "persons" who engage in a conspiracy to deprive someone of federal rights. 42 U.S.C. § 1985(3). Courts have held that the term "person" under section 1985 has the same meaning as under section 1983. *See, e.g., Hayden v. Ala. Dep't of Pub. Safety*, 506 F. Supp.2d 944, 949 (M.D. Ala. 2007) (citing *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005)). Likewise, section 1986 provides a cause of action against a "person who, having knowledge that any of the wrongs conspired to be done, and mentioned in" section 1985. 42 U.S.C. § 1986. Thus, Plaintiffs' claims against

DPH under each of these similar code sections are not cognizable claims and should be dismissed on this additional basis.[2]

## CONCLUSION

For the reasons stated herein, Defendant Georgia Department of Public Health requests that the Court grant its motion and dismiss all claims that are asserted against it in this action.

Respectfully submitted,

Christopher M. Carr         112505
Attorney General

Loretta L. Pinkston-Pope    580385
Deputy Attorney General

s/ Roger A. Chalmers
Roger A. Chalmers           118720
Senior Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
Roger A. Chalmers
State Law Department
40 Capitol Square SW
Atlanta, GA  30334
Tel: (404) 458-3220
Fax: (404) 651-5304
Email: rchalmers@law.ga.gov

---

[2] This Court dismissed the Plaintiffs' claims against another state agency on similar grounds in the related civil action 1:23-cv-04218-LMM.

## **CERTIFICATE PURSUANT TO LOCAL RULE 7.1.D**

I certify that the foregoing brief conforms to the requirements of L.R. 5.1C. The brief is prepared in 14-point Times New Roman font.

s/Roger A Chalmers

## **CERTIFICATE OF SERVICE**

I certify that I have this day served the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Kenneth Johnson
2800 Tydnall Drive
Valdosta, Georgia 31602

Jacquelyn Johnson
2800 Tydnall Drive
Valdosta, Georgia 31602

This 20th day of November, 2024.

s/Roger A Chalmers