**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KENNETH JOHNSON and        )
JACQUELYN JOHNSON          )
                           )
   Plaintiffs,             )
                           )
v.                         )        CIVIL ACTION NO.
                           )        1:24-CV-05140-SEG
GEORGIA DEPARTMENT OF      )
PUBLIC HEALTH,             )
                           )
   Defendant.              )

**BRIEF IN SUPPORT OF DEFENDANT GEORGIA DEPARTMENT**
**OF PUBLIC HEALTH'S MOTION TO DISMISS**

Defendant Georgia Department of Public Health (DPH), through counsel,

submits this brief in support of its motion to dismiss all claims asserted against it in

the first amended complaint (Doc. 20) in this action based on the Eleventh

Amendment and the doctrine of sovereign immunity.

**INTRODUCTION**

This case is related to civil action 1:23-cv-04218-SEG.

Plaintiffs Kenneth Johnson and Jacquelyn Johnson initiated this action by

complaint filed on November 8, 2024. Doc.1. The original complaint asserted

claims under 42 U.S.C. §§ 1983, 1985, and 1986 for alleged "negligent failure to

protect by the State." *Id*. at 2. Specifically, the complaint alleged that the

plaintiffs submitted requests to DPH to "amend the death certificate of their minor

-1-

son KJ pursuant to the provisions [of Georgia code section] O.C.G.A. § 31-10-23."
*Id*. at 3.  The complaint further alleged that, "[t]o date, the Defendant has not complied with State law to act either by amending the death certificate for KJ or rejecting the Plaintiff's request to amend thus providing the Plaintiff's the opportunity appeal such decision and request for a hearing . . . ." *Id*. at 3-4.  The complaint asserted the alleged failure to comply with the Georgia code provision is a "violation of the Plaintiffs Constitutionally protected Fourteenth Amendment rights." *Id*.  As relief, the complaint sought injunctive relief and money damages.

DPH filed its first motion to dismiss and a related motion to stay discovery on November 20, 2024.  Docs. 4, 5.  The Court granted the motion on July 16, 2025, finding that Plaintiffs' claims against DPH are barred by the Eleventh Amendment and sovereign immunity, and that the claims are not cognizable claims under sections 1983, 1985, and 1986 because DPH is not a "person" subject to suit under those statutes.  Doc. 19 at 5-8.  But the Court permitted Plaintiffs an opportunity to amend their complaint, stating in relevant part this: "Plaintiffs should have an opportunity to amend here.  Although the Eleventh Amendment protects DPH from suit, Plaintiffs might state cognizable claims against a different defendant with more specific allegations." *Id.* at 8.

Plaintiffs have now amended their pleading by the first amended complaint filed on July 25, 2025.  Doc. 20.[1]  But in the amended pleading they bring essentially, if not identically, the same claims as previously asserted, and they still bring those claims only against DPH.  *Id.*

## ARGUMENT AND CITATION OF AUTHORITY

All claims asserted against DPH in this action are barred by the Eleventh Amendment and the doctrine of sovereign immunity.  In addition, the text of sections 1983, 1985, and 1986 bar Plaintiffs' claims.

The Federal Constitution "specifically recognizes the States as sovereign entities," a basic attribute of which is immunity from private suits.  *Alden v. Maine*, 527 U.S. 706, 713 (1999).  The Eleventh Amendment thus bars suit against a state or one of its agencies, departments, or officials, absent a waiver by the state or a valid congressional override, when the state is the real party in interest or when any monetary recovery would be paid from state funds.  *See id.* at 754-57; *Kentucky v.*

---

[1] While the Court did not specifically order a response to the amended pleading, DPH acknowledges that this motion is filed more than 14 days after service of the pleading.  *See* Fed. R. Civ. P. 15(a)(3).  But there can be no default where the Court lacks subject matter jurisdiction, which is the case here.  *See, e.g., Ferrier v. Cascade Falls Condo. Ass'n*, 820 Fed. Appx. 911, 914 (11th Cir. July 15, 2020) (citing *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (explaining that, under the Rules of Civil Procedure, certain fundamental defects render a judgment void, including if the district court lacked subject matter jurisdiction when it entered the judgment)).

*Graham*, 473 U.S. 159, 169 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-102 (1984).  "The general test for determining whether the state is the real party in interest, even though it is not a named defendant, is whether the relief sought against the nominal defendant would in fact operate against the state . . ." *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1577 (11th Cir. 1994) (citation omitted).  Here, the monetary relief that the complaint seeks from DPH would operate against the state, and so those claims are barred by the Eleventh Amendment and sovereign immunity.  *See Zatler v. Wainwright*, 802 F.2d 397, 399-400 (11th Cir. 1986).[2]

While the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), provides a limited exception to sovereign immunity for certain suits against individual state officer defendants, it does not apply here.  "The Young doctrine permits federal courts to entertain suits against state officers seeking prospective equitable relief to end continuing violations of federal law."  *See McClendon v. Ga. Dep't. of*

---

[2] There is no state waiver or congressional override here.  The State of Georgia has not consented to being sued under sections 1983, 1985, or 1986 and has preserved its sovereign immunity in the State constitution.  *See* Ga. Const. Art. 1, Sec. II, Par. IX(f).  And these statutes do not override the protections of the Eleventh Amendment.  *See Quern v. Jordan*, 440 U.S. 332, 342 (1979); *and see Henry v. Harkness*, 2017 U.S. App. LEXIS 12617, **2 (11th Cir. July 14, 2017) ("Congress has not abrogated Eleventh Amendment immunity in 42 U.S.C. §§ 1981, 1983, or 1985 cases ….."); *and see also Vasseur v. Valdosta State Univ.*, 2023 U.S. Dist. LEXIS 188405, *16 (M.D. Ga. Oct. 19, 2023) (Sands, J.) (holding same as to claims under section 1986).

*Community Health*, 261 F.3d 1252, 1256 (11th Cir. 2001). The doctrine does not permit a claim for injunctive relief to be brought against a state directly. *See Ex Parte Young*, 209 U.S. at 157. And, because the doctrine applies only where prospective injunctive relief is sought, it will not apply here as to any claim for monetary damages because such a claim seeks a remedy for alleged past violations of constitutional rights.

*Second*, the State of Georgia and its offices, agencies, divisions, and departments, including DPH, are not "persons" subject to suit under sections 1983, 1985, and 1986. Section 1983 provides a cause of action for violations of federal constitutional or statutory rights by any "person" acting under color of state law. 42 U.S.C. § 1983. The Supreme Court has ruled that the term "person" in that context is to be given its ordinary meaning, and that "a State is not a 'person' within the meaning of § 1983." *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 65 (1989). Section 1985 likewise provides a cause of action against "persons" who engage in a conspiracy to deprive someone of federal rights. 42 U.S.C. § 1985(3). Courts have held that the term "person" under section 1985 has the same meaning as under section 1983. *See, e.g., Hayden v. Ala. Dep't of Pub. Safety*, 506 F. Supp.2d 944, 949 (M.D. Ala. 2007) (citing *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005)). Likewise, section 1986 provides a cause of action against a "person who, having knowledge that any of the wrongs conspired to be done, and

mentioned in" section 1985.  42 U.S.C. § 1986.  Thus, Plaintiffs' claims against DPH under each of these similar code sections are not cognizable claims and should be dismissed on this additional basis.

The Court previously dismissed Plaintiffs' claims on the above grounds. Doc. 19 at 5-8.  The grounds are fully applicable to the claims as asserted in the first amended complaint because the amended pleading brings the same claims against the same state entity defendant.

## CONCLUSION

For the reasons stated herein, Defendant Georgia Department of Public Health requests that the Court grant its motion and dismiss all claims that are asserted against it in this action.

Respectfully submitted,

Christopher M. Carr          112505
Attorney General

Loretta L. Pinkston-Pope      580385
Deputy Attorney General

s/ Roger A. Chalmers
Roger A. Chalmers             118720
Senior Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
Roger A. Chalmers
State Law Department
40 Capitol Square SW
Atlanta, GA  30334

Tel: (404) 458-3220
Fax: (404) 651-5304
Email: rchalmers@law.ga.gov

## <u>CERTIFICATE PURSUANT TO LOCAL RULE 7.1.D</u>

I certify that the foregoing brief conforms to the requirements of L.R. 5.1C. The brief is prepared in 14-point Times New Roman font.

<u>s/Roger A Chalmers</u>

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have this day served the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Kenneth Johnson
2800 Tydnall Drive
Valdosta, Georgia 31602

Jacquelyn Johnson
2800 Tydnall Drive
Valdosta, Georgia 31602

This 15th day of August, 2025.

<u>s/Roger A Chalmers</u>