IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 05 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

KENNETH JOHNSON, et al,

Plaintiffs

v.

GEORGIA DEPARTMENT OF
PUBLIC HEALTH

Defendants.

Civil Action No:
1:24-cv-5140-SEG

**REQUEST CLERK ENTER
DEFAULT JUDGMENT**

## REQUEST CLERK ENTER DEFAULT JUDGMENT

Pursuant to Rule 55(a)[1] of the Federal Rules of Civil Procedure, Plaintiff's Kenneth Johnson and Jacquelyn Johnson (hereinafter "Johnson's"), hereby requests the Clerk of the Court Enter Default Judgment against Defendant-Georgia Department of Public Health (hereinafter "DPH") for failure to plead or otherwise defend under Rule 12 of the Federal Rules of Civil Procedure.

The official record confirms Defendant-DPH has not participated in these proceedings for more than five month giving way for uncontested motion's to

---

[1] Rule 55 F.R.C.P. – "(a) ENTERING A DEFAULT. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, **the clerk must enter the party's default.**"

1

supplement the record with additional evidence supporting the Plaintiff's Complaint and causes of action against the Defendant.

It seems the Georgia Office of the Attorney General has finally accepted it's first duty is to uphold the U.S. Constitution before defending an agent of the state and prosecution of public corruption over defense of it. See Exhibit 2

By law, Attorney General Chris Carr has a duty to deny defending state agencies involved in illegal acts. The string of recent uncontested Plaintiffs' motions are clear indication the Attorney General's Office has conceded to the well pleaded Complaint, causes of action, and motions before this Court against Defendant-DPH.

Pursuant to Rule 55(b)(1) if a plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk on the plaintiff's request, with an affidavit showing the amount due, "**must**" enter judgment for that amount and costs against a defendant who has been defaulted.

The Plaintiffs' requests that the Clerk enter judgment against Defendant-DPH the amount of twelve million dollars ($12,000,000.00). See Exhibit 1

Respectfully submitted,

Dated:   February 2, 2026

*/s/ Kenneth Johnson*
Kenneth Johnson

*/s/ Jacquelyn Johnson*
Jacquelyn Johnson

2800 Tyndall Drive
Valdosta, Georgia 31602
229.560.5555
mikekjjohnson48@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KENNETH JOHNSON, et al,<br><br>Plaintiffs<br><br>v.<br><br>GEORGIA DEPARTMENT OF PUBLIC HEALTH<br><br>Defendants. | Civil Action No:<br>1:24-cv-5140-SEG<br><br>**REQUEST CLERK ENTER DEFAULT JUDGMENT** |

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing ***REQUEST CLERK ENTER DEFAULT JUDGMENT*** with the Clerk of the Court via United States Postal Service mail. I also certify that I mailed by United States Postal Service the foregoing document to the following participants:

1

Respectfully submitted,

Dated:   February 2, 2026

*/s/ Kenneth Johnson*
Kenneth Johnson

*/s/ Jacquelyn Johnson*
Jacquelyn Johnson

2800 Tyndall Drive,
Valdosta, Georgia 31602
229.560.5555
mikekjjohnson48@yahoo.com

Roger Chalmers
State of Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300

U.S. Department of Justice Public Integrity Section

Administrative Offices Of the U.S. Courts

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KENNETH JOHNSON, et al,<br><br>Plaintiffs<br><br>v.<br><br>GEORGIA DEPARTMENT OF<br>PUBLIC HEALTH<br><br>Defendants. | Civil Action No:<br>1:24-cv-5140-SEG<br><br>**AFFADAVIT** |

Affidavit of Kenneth and Jacquelyn Johnson

We, Kenneth and Jacquelyn Johnson, under penalty of perjury, state the following:

1. We, Kenneth and Jacquelyn Johnson, are over the age of 18 and we are legally competent to give this Affidavit which is freely and voluntarily given. The facts contained herein are based on our own personal knowledge. In addition, we understand this affidavit may be used for any purpose to be permitted by law.

2. For more than five months Defendant-DPH has failed to answer or otherwise defend this civil action in accordance with the FRCP.

3. The total demand in this action is twelve million dollars.

We have read the foregoing Affidavit and hereby declare under penalty of perjury that it is true and correct and it was executed the 2nd day of February 2026.

2

*/s/ Kenneth Johnson*
Kenneth Johnson

*/s/ Jacquelyn Johnson*
Jacquelyn Johnson

2

# Exhibit 2

Kenneth Johnson
2800 Tyndall Drive
Valdosta, GA 31602

August 29, 2025

Georgia State House of Representatives
Judiciary Committee Members
c/o Clerk of the House
309 Capitol Bldg
Atlanta, Georgia 30334

Subject: Citizen Complaint and Petition to Begin Impeachment Proceedings against Attorney General Christopher Carr - Neglect of Duty and Crime of Moral Turpitude.

Dear Judiciary Committee Members:

I am contacting you concerning the matter of public corruption in the murder cover-up scandal of my son, Kendrick Lamar Johnson, who was murdered in a Lowndes County School gymnasium, unsupervised and clearly dangerous situation.

For more than 12 years officials throughout the state of Georgia have officially claimed my son died from a scientifically impossible freak accident.

The facts and evidence collected by officials in Georgia contradict such official claims and subsequently are absent from official reports.

The Attorney General's Office has been aware of the credible and conclusive evidences confirming public corruption in the murder of my minor son Kendrick yet under the direction of Christopher Carr, the AG's office has adamantly defended in federal court, the state agency and major perpetrator of state and federal crimes in connection to assisting and aiding the murderers avoid facing justice.

Included as part of this complaint and petition to impeach Attorney General Carr for neglect of duty and committing crimes of moral turpitude as related to the murder scandal of my son Kendrick are:

    1. Valdosta-Lowndes Regional Crime Laboratory Report

    2. Georgia Bureau of Investigation State Medical Examiner Autopsy Report.

    3. 2019 Georgia Bureau of Investigation State Medical Examiner Deposition Excerpts.

    4. Forensic Pathologist William Anderson Autopsy Report.

    5. Artifical Intelligence Image Analyzer Reports.

These evidences are compelling, undeniable, conclusive, and only scratch the surface to the overall credible evidences we've presented to Attorney General Carr proving public corruption and the AG's office has neglected the duty required by oath of office and state statute.

Concealing a crime is illegal in Georgia, and the penalties can be severe. Georgia Code Title 16. Crimes and Offenses § 16-10-50 indicates "A person commits the offense of hindering the apprehension or punishment of a criminal when, with intention to hinder the apprehension or punishment of a person whom he knows or has reasonable grounds to believe has committed a felony, conceals evidence of the crime."

Furthermore, the failure to act when having a duty to so is indicative of a tacit or passive agreement between the parties involved with failing to act.

Georgia Code § 16-10-8 which makes it a felony for law enforcement officers and employees of the state to make false official certificates or writings.

GA Code § 16-4-8 indicates "A person commits the offense of conspiracy to commit a crime when he together with one or more persons conspires to commit any crime and any one or more of such persons does any overt act to effect the object of the conspiracy."

Essence of conspiracy under O.C.G.A. § 16-4-8 is an agreement, and that agreement (unlike its meaning in contract law) may be a mere tacit understanding. *Drane v. State*, 265 Ga. 255, 455 S.E.2d 27 (1995).

Additionally, after a conspiracy is formed, if a party joins therein, knowing of its existence and purpose, that party becomes as much a party thereto as if the person had been an original member. *Willson v. Appalachian Oak Flooring & Hdwe. Co.*, 220 Ga. 599, 140 S.E.2d 830 (1965) (decided under prior law).

Georgia Code § 15-18-6 requires prosecutors in the state of Georgia to prosecute all indictable offenses.

In general, it is highly unusual, extraordinary, and problematic for a state attorney general to disregard credible evidence of public corruption and defend the state agencies involved. It raises serious ethical and legal concerns and is considered an abuse of power.

The Oath of Office taken by Georgia Attorney General Chris Carr reads, "I do solemnly swear (or affirm) that I will well and faithfully discharge the duties of the office of Attorney General for the State of Georgia, that I will support and defend the Constitution of the United States…"

The AG's primary role is to serve as the "People's Lawyer," advocating for the public interest, first and foremost defending the U.S. Constitution.

The evidences I previously submitted to AG Carr clearly and unambiguously show the actions the AG's Office adamantly defends are "transparently invalid" and conflict and violate the U.S. Constitution therefore mandating a duty for the OAG to decline to defend.

It is very extraordinary for an AG to thumb their nose at the U.S. Constitution then ferociously defend the violators of the U.S. Constitution, tooth and nail.

While it only requires one legislator to draft the necessary documents to begin an article of impeachment investigation, my wife and I are hopeful that the commitment each member of this committee has to upholding the U.S. Constitution and laws of the state of Georgia is reflected in support of holding AG Carr accountable to the full letter of the law.

Please feel free to contact me at this email address or by telephone number listed below should there be any questions and/or information/evidence requests, I will certainly oblige.

In advance, thank you for your time and attention to this matter.


Regards,

/s/ Kenneth Johnson
Kenneth Johnson
229.560.5555

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

MLY TO SEAL

CLEARED DATE

FEB 05 2026

U.S. Marshals Service
Atlanta, GA 30303

FROM:

JOHNSON
2800 TYNDALL DR.
VALDOSTA, GA 31602

CLEARED DATE

FEB 05 2026

U.S. Marshals Service
Atlanta, GA 30303

TO:

CLERK OF COURT
75 TED TURNER
ATLANTA, GA 30303

